Filed 10/17/14  In re D.L. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re D.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> D.L., <br><br>     Defendant and Appellant. | A139234 <br><br> (San Francisco City & County Super. Ct. No. JW126279) |

**INTRODUCTION**

D.L. appeals from the dispositional order entered after he admitted the charge of carrying a concealed weapon in public.  He requests we conduct an independent review of the denial of his *Pitchess*[1] motion made prior to his plea, to which the Attorney General does not object.  Following our independent review, we conclude the trial court's order regarding the discoverability of material in police personnel files was not an abuse of discretion, and affirm.

**BACKGROUND**

We set forth only those facts pertinent to the issue on appeal.  After police detained and searched him near the Sunnydale Housing Development, D.L. was arrested

_____

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

1

and charged with one count of carrying a concealed firearm (Pen. Code, § 25400, subds. (a)(2), (c)(4)) and one count of carrying a loaded firearm in public (§ 25850, subds. (a), (c)(4)).

He filed a *Pitchess* motion as to the four San Francisco police officers who participated in his detention and arrest, seeking personnel records and complaints received by the Office of Citizen Complaints. The court entered a stipulated order regarding production of the confidential files regarding the four officers, limited to allegations of police misconduct in three categories: dishonesty, fabrication of evidence, and unlawful search and seizure.

At the outset of the hearing on the motion, the court stated it had "already reviewed all the records," and there was "a lot" of discoverable *Pitchess* material.[2] At the conclusion of the hearing, the court stated "[H]aving reviewed the records as provided to the Court, the Court is going to sign the original protective order with the completed case log sheet attached and the Court will make the following additional orders in connection with this hearing. [¶] That the sealed envelope containing the digital disk, declaration, and log sheet will be filed in the court file and remain sealed unless and until otherwise ordered by this Court. [¶] The San Francisco Police Department shall provide forthwith to defendant through counsel the names and contact information for all complaining parties and witnesses in the document identified for production on the case log sheet. [¶] . . . [¶] . . . And at this time, all the documents including disks, log sheet and our orders are returned back to police legal and now they are ordered deemed the custodian of records for these documents." The court had earlier in the hearing indicated defense counsel could "pick [the information] up from [the police legal department]."

---

[2] This hearing was held in the courtroom, initially with the parties' attorneys present. After the custodian of records began to testify, the court indicated "You should not be here," and the attorneys left the courtroom.

D.L. also filed a motion to suppress, which the court denied based on its finding he had made a hand gesture indicating consent to search.

Following the denial of his motion to suppress, D.L. admitted the count of possession of a weapon in public, and the prosecutor dismissed the remaining count.

At the next hearing, the court ordered D. L. released to his mother, who lived in Alameda County, on home detention. The court ordered "all findings, petitions and orders of this Court are transferred to Alameda County for disposition," and "acceptance of transfer." The Alameda County Superior Court subsequently entered an order accepting the transfer, continuing D.L. as a ward of the court, and continuing the "[p]resent order." [3]

## DISCUSSION

The Supreme Court's decision in *Pitchess* "established that a criminal defendant could 'compel discovery' of certain relevant information in the personnel files of police officers by making 'general allegations which establish some cause for discovery' of that information and by showing how it would support a defense to the charge against him. [¶] In 1978, the California Legislature codified the holding of *Pitchess* by enacting Penal Code sections 832.7 and 832.8, as well as Evidence Code sections 1043 through 1045. [Citations.] To initiate discovery, the defendant must file a motion supported by affidavits showing 'good cause for the discovery,' first by demonstrating the materiality of the information to the pending litigation, and second by 'stating upon reasonable belief' that the police agency has the records or information at issue. (§ 1043, subd. (b)(3).) This two-part showing of good cause is a 'relatively low threshold for discovery.' [Citation.] [¶] If the trial court finds good cause for the discovery, it reviews

---

[3] While the Attorney General initially maintained there was no valid dispositional order and the case should be remanded for entry of such, we subsequently granted D.L.'s request to augment the record with the May 20, 2014, dispositional order issued by the Alameda County Superior Court.

the pertinent documents in chambers and discloses only that information falling within the statutorily defined standards of relevance. [Citations.] The trial court may not disclose complaints more than five years old, the 'conclusions of any officer' who investigates a citizen complaint of police misconduct, or facts 'so remote as to make [their] disclosure of little or no practical benefit.' [Citations.] Typically, the trial court discloses only the names, addresses, and telephone numbers of individuals who have witnessed, or have previously filed complaints about, similar misconduct by the officer. [Citation.] That practice 'imposes a further safeguard to protect officer privacy where the relevance of the information sought is minimal and the officer's privacy concerns are substantial.' [Citation.]" (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019; see also *People v. Gaines* (2009) 46 Cal.4th 172, 179.) "A trial court's decision on the discoverability of material in police personnel files is reviewable under an abuse of discretion standard." (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220.)

As D.L. points out, the trial court is required to make a record of the documents that were provided for its review and *People v. Mooc* (2001) 26 Cal.4th 1216, 1228, sets forth the procedure for this court to follow in the event the trial court does not do so. Here, the trial court made a record, ordering that "the sealed envelope containing the digital disk, declaration, and log sheet" remain sealed until further order of the court and that it be returned to "police legal." "[C]onfidential law enforcement personnel files that are reviewed in camera by the court under *Pitchess* . . . may be retained by the custodian of those records instead of by the court, provided that the court makes an adequate record of what was reviewed." (*People v. Galland* (2008) 45 Cal.4th 354, 367.) Accordingly, on our own motion, we ordered the trial court to transmit to this court "all documents, disks and materials it reviewed in connection with the *Pitchess* motion heard on September 25, 2012."

In his *Pitchess* motion, D.L. explained he sought discovery of information from the officers' personnel files to show "the officers stopped him without reasonable

4

suspicion or probable cause and searched him illegally. In order to prove this, he intends to cross-examine the officers by showing that the officers have previously made false statements and lack credibility, and that the Officers have a habit or custom of committing similar improper acts." Athough D.L. initially sought discovery of all complaints regarding "illegal stops, illegal arrests, excessive force or improper tactics, false statements made, abuse of authority, and any act of moral turpitude," the parties stipulated to discovery limited to allegations of police misconduct in three categories: dishonesty, fabrication of evidence, and unlawful search and seizure.

We have reviewed the records and documents the trial court reviewed in ruling on the *Pitchess* motion. The police department produced potentially responsive documents to the court regarding each of the four officers. The court ordered the department to provide D. L.'s counsel with "the names and contact information for all complaining parties and witnesses in the document identified for production on the case log sheet." The case log sheet indicated the court ordered production of the names and contact information in 17 citizen complaints. As to the other 14 citizen complaints about which the court did not order information produced to D.L.'s counsel, our review " 'reveals no materials so clearly pertinent to the issues raised by the *Pitchess* discovery motion that failure to disclose them was an abuse of *Pitchess* discretion.' " (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 180–181.)

## DISPOSITION

The dispositional order, which embraces the juvenile court's ruling on the *Pitchess* motion, is affirmed.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Margulies, J.

6